**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| Hector Sigifredo Rivera Rosa, *et al.*, | § | |
|     Petitioners/Plaintiffs | § | |
| | § | Civil Action 1:19-cv-138 |
| v. | § | |
| | § | |
| Kevin K. McAleenan, *et al.*, | § | |
|     Respondents/Defendants | § | |

## Notice Regarding Case Status

Federal Defendants file this Notice to advise the Court as to the status of this case.

1.      On July 20, 2019, Hector Sigifredo Rivera Rosa, age 44 ("Rosa"), Juan Carlos Acensio Acencio, age 29 ("Acensio"), Jose Neftali Arias Hernandez, age 28 ("Hernandez"), Javier Alexander Reyes Vigil, age 25 ("Vigil"), and Jose William Recinos Nolasco, age 21 ("Nolasco") (together "Plaintiff"), filed a Petition for Writ of Habeas Corpus, Request for Temporary Restraining Order, and Complaint for Declaratory and Injunctive Relief. [Dkt. No. 1].

2.      There are no named minor plaintiffs in this case.

3.      The Plaintiffs are Central Americans recently apprehended by U.S. Border Patrol ("USBP") agents after entering the United States unlawfully. [*Id.* ¶¶ 20-24]. Following their apprehension, Plaintiffs allege they were placed in detention in USBP holding cells within the USBP Rio Grande Valley Sector. [*Id.* ¶30]. The crux of the Complaint involves Plaintiffs' allegations about the conditions of their USBP holding cells. [*Id.* ¶¶ 27-39].

4.      Federal Defendants advise the Court of the following updates regarding this case.

      a.      On July 20-21, 2019, Plaintiffs were transferred from USBP custody to U.S. Immigration and Customs and Enforcement ("ICE") custody at the Port Isabel Detention Center.

b.      All five Plaintiffs claimed a fear of return while in USBP custody. Plaintiffs Acencio, Hernandez, Vigil, and Noalsco are being processed for expedited removal, under Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1), with credible fear interview referrals. Plaintiff Rosa is being processed for full removal proceedings under INA § 240, 8 U.S.C. § 1229a, because he claims he unlawfully entered the United States in 2017.[1]

5.      Plaintiffs brought claims under habeas corpus, the Administrative Procedure Act, and the Trafficking Victims Protection Reauthorization Act ("TVPRA") to request the following relief from the Court: (a) a judicial declaration that Plaintiffs' detention beyond 72 hours is in violation of their due process rights; (b) an injunction enjoining the Government from holding Plaintiffs in USBP facilities "not designed or equipped for long-term detention;" (c) an order releasing Plaintiffs from USBP custody "with or without an electronic monitoring device" or under reasonable bond; (d) issuance of a mandamus requiring USBP to comply with TVPRA in connection with the detention of minors; and (e) certification of this case as a class action. [Dkt. No. 1, ¶¶ 16-26; Prayer].

6.      Plaintiffs' claims based on the conditions of their detention in USBP holding cells and their request for release from USBP custody are now moot—and this Court lacks jurisdiction—because, as of July 21, 2019, Plaintiffs are no longer in USBP custody, but in ICE custody.[2] *See Fontenot v. McCraw*, 777 F.3d 741, 747 (5th Cir. 2015) ("An 'actual controversy'

---

[1]      Plaintiff Rosa was convicted for violating 8 U.S.C. § 1325(a)(1) by this Court. *See* Case No. 1:19-po-3199.
[2]      To the extent Plaintiffs assert that the "capable of repetition, yet evading review" exception to the mootness doctrine applies because of the possibility that they may again be detained in a USBP holding cell—assuming they are removed and again apprehended after entering the United States unlawfully—Defendants submit Plaintiffs are incorrect. The Fifth Circuit has held that the exception applies only when "(1) the challenged action is in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subjected to the same action again." *Yarls v. Bunton*, 905 F.3d 905, 911 (5th Cir. 2018). As to the second requirement, the Supreme Court has "consistently refused to 'conclude that the case-or-controversy requirement is satisfied by' the possibility that a party 'will be prosecuted for violating valid criminal laws.'" *Id.* (*citing United States v. Sanchez-Gomez*, 138 S.Ct. 1532, 1540 (2018)). Instead, courts must "assume that [litigants] will conduct their activities within the law and so avoid prosecution and conviction as well as exposure to the challenged course of conduct." *Sanchez-Gomez*, 138 S. Ct. at 1541. The Supreme Court has also specifically rejected

must exist . . . through 'all stages' of the litigation."); *Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir.1996) (noting that federal courts may not issue advisory opinions); FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

7. Further, no named Plaintiff alleges that he is a minor, such that the TVPRA applies.

8. An evidentiary hearing on Plaintiffs' request for a temporary restraining order ("TRO") or preliminary injunction in the immediate future is not necessary because the grounds for the TRO and preliminary injunction request have been mooted and/or amount to an improper request for an advisory opinion. In other words, because there is no longer a "substantial threat that [the named Plaintiffs] will suffer irreparable injury if the injunction is denied," Defendants respectfully submit this case should proceed as any other civil case, including Defendants having the ability to file a responsive pleading by their deadline, once Plaintiffs serve Defendants with summons. *See Jackson Women's Health Org. v. Currier*, 760 F.3d 448, 452 (5th Cir. 2014) (preliminary injunction elements).

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

By:     *s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney
S.D. Tex. No. 1055715
Texas Bar No.   24070420
600 E. Harrison, Suite 201
Brownsville, Texas  78520
(956) 548-2554/Fax: (956) 548-2775
Email: Christopher.Pineda@usdoj.gov
**Counsel for Federal Respondents**

---

the argument that removed aliens meet the "capable of repetition" requirement based on their "personal incentives to return to the United States, plus the elevated rate of recidivism associated with illegal entry offenses." *Id.* at 1542.

## CERTIFICATE OF SERVICE

I hereby certify, on July 22, 2019, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which sends a notice of electronic filing to all counsel of record.

*s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney
