## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Hector Sigifredo Rivera Rosa, *et al.*, | § | |
|     Petitioners/Plaintiffs | § | |
| | § | Civil Action 1:19-cv-138 |
| v. | § | |
| | § | |
| Kevin K. McAleenan, *et al.*, | § | |
|     Respondents/Defendants | § | |

### RESPONDENTS' RESPONSE TO PETITIONERS' MOTION TO CONSOLIDATE

Federal Respondents file this response in opposition to Petitioners' Motion for Leave to file Motion to Consolidate.

### PROCEDURAL BACKGROUND

On July 26, 2019, the Court held a telephonic hearing in the above referenced case and four other cases involving the condition of U.S. Border Patrol ("USBP") holding cells. When the issue of consolidation was discussed, Respondents objected because there was no dispute that there were differences in the class definition and relief sought among the five cases, including the instant case. Thus, the Court issued a briefing schedule ordering Petitioners to, among other things, send a copy of their proposed operative consolidated complaint and operative class description to Respondents by July 31, 2019, and to file their motion to consolidate by August 2, 2019.

On July 31, 2019, Petitioners' counsel timely emailed Respondents' counsel a copy of their proposed operative consolidated complaint which contained therein a description of the class that they seek to represent in this litigation.

On August 2, 2019, Petitioners' counsel contacted Respondents' counsel to obtain their position as to consolidation. Respondents' counsel responded that they were opposed to consolidation of all the petitioners into one case except as to discovery and case management.

Petitioners subsequently filed their motion for leave to consolidate as opposed. [Dkt. No. 13, "2d Am. Consol. Compl."].

Respondents file this brief response to Petitioners' motion for leave to consolidate to provide their reasons why consolidation of all the petitioners into one case is not appropriate.

## STANDARD OF REVIEW

"Consolidating actions is proper when two or more district court cases involve common questions of law and fact and the district judge finds that consolidation would avoid unnecessary costs or delay." *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761–62 (5th Cir. 1989) (*citing* Fed. R. Civ. P. 42). A district court has "broad discretion" in determining whether to consolidate cases pending before it. *Id.* However, "[t]he mere presence of a common question of law or fact does not require consolidation." *Goodridge v. Hewlett-Packard Co.*, 2008 WL 11389213, at *1 (S.D. Tex. 2008).

"Consolidation is used," the Fifth Circuit has instructed, "to cover three procedurally different situations: (1) when a court stays all but one of several actions until that one is tried, at which point that judgment in the one trial is conclusive as to all others; (2) when a court combines several actions into one action in which a single judgment is entered; and (3) when a court orders several actions to be tried together but each retains its separate character and requires entry of a separate judgment." *Frazier v. Garrison I.S.D.*, 980 F.2d 1514, 1532 (5th Cir. 1993); *see also In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 2007 WL 446051, at *1 (S.D. Tex. 2007) ("Factors for the district court to consider in deciding if consolidation is appropriate include (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk

of inconsistent adjudications of factual and legal issues if the cases are tried separately, and (5)

whether consolidation will conserve judicial resources and reduce the time and cost of trying the

cases separately.") (citing cases).

**RESPONDENTS' OPPOSITION TO PETITIONERS' MOTION TO CONSOLIDATE**

**A.** <u>**Four Petitioners do not meet Petitioners' proposed class definition.**</u>

In their proposed consolidated second amended complaint, Petitioners state that they seek

to represent the following class:

> Individuals who have been, are being, or will be detained at *CBP facilities in Cameron, Hidalgo, Starr and Willacy Counties*, *and who have been or will be detained by CBP for more than 72 hours*, with the exception of any detainee whom CBP has reason to believe has been convicted of an offense which would be classified as a "violent or dangerous" crime within the meaning of 8 C.F.R. §212.7(d).

[2d Am. Consol. Compl. at ¶55 (emphasis added)]. There are, however, four petitioners who do

not fall within the proposed class—Javier Giron-Monterroza, Gerardo Herrera-Rivera, Santos

Abelio Zuniga-Gaitan, and Bryan Lopez-Lopez—because they were <u>not</u> detained in a CBP facility

in Cameron, Hidalgo, Starr, or Willacy County for more than 72 hours.

**Javier Giron-Monterroza** in Civil No. 1:19-cv-103 was never detained in a U.S. Customs

and Border Protection ("CBP") facility in Cameron, Hidalgo, Starr, or Willacy County. [Gov't

Exh. 1]. According to USBP records, he was detained only at the USBP Station located in

Falfurrias, Brooks County, Texas. [*Id.*].

**Gerardo Herrera-Rivera** in Civil No. 1:19-cv-095. According to USBP records, he was

apprehended and transported to the McAllen USBP Station for booking on May 28, 2019. [Gov't

Exh. 1]. After a period of one day, two hours, and 57 minutes at the McAllen USBP Station, he

was transported to the USBP Station in Kingsville, Kleberg County, Texas, where he remained for

the duration of his detention in USBP custody, except for a brief hospital visit. [*Id.*] He was still detained at the Kingsville USBP Station when he filed suit. [*Id.*].

**Santos Abelio Zuniga-Gaitan** in Civil No. 1:19-cv-118. According to USBP records, he was apprehended and transported to the McAllen USBP Station for booking on June 1, 2019. [*Id.*]. After a period of one day, four hours, and four minutes at the McAllen USBP Station, he was transported to the USBP Station in Corpus Christi, Nueces County, Texas, where he remained for the duration of his detention while in USBP custody. [*Id.*]. He was still detained at the Corpus Christi USBP Station when he filed suit. [*Id.*].

**Bryan Lopez-Lopez** in Civil No. 1:19-cv-126. According to USBP records, he was apprehended and transported to the McAllen USBP Station for booking on May 16, 2019. [Gov't Exh. 1]. After a period of 20 hours and 11 minutes at the McAllen USBP Station, he was transported to the USBP Stations in Kingsville and Corpus Christi, Texas for the duration of his detention while in USBP custody. He was still detained at the Corpus Christi USBP Station when he filed suit. [*Id.*].

These four individuals' claims should not be consolidated with the other petitioners' claims—which will be the subject of a hearing on September 5, 2019—because these four individuals do not fall within the proposed class. In other words, consolidation of these four petitioners with the other petitioners is not appropriate because, based on Petitioners' class definition and requested declaratory and injunctive relief, there are few (if any) common questions of fact and there is a significant risk of confusion with consolidation. Instead, to the extent these four petitioners intend to go forward, it should be altogether separate from the other petitioners, and not consolidated.

**B.**      **Five Petitioners were detained, at some point, outside of the four counties at issue.**

In addition to the four named petitioners discussed above who were not detained for more than 72 hours at CBP facilities in Cameron, Hidalgo, Starr, or Willacy counties, there are five other individuals who were detained—during some portion of their time in USBP custody—outside of the four counties at issue: Jairo Gonzalez-Recinos, Hugo Flandez-Fleites, William Santay-Son, Javier Reyes-Vigil, and Jose Recinos-Nolasco.

**Jairo Gonzalez-Recinos** in Civil No. 1:19-cv-095 was detained about nine days at the USBP Station in Kingsville, Kleberg County, Texas. [Gov't Exh. 1].

**Hugo Flandez-Fleites** in Civil No. 1:19-cv-118 was detained about 18 days at the USBP Station in Kingsville, Kleberg County, Texas. [*Id.*].

**William Santay-Son** in Civil No. 1:19-cv-126 was detained about nine and half days at the USBP Station in Kingsville, Kleberg County, Texas. [*Id.*].

**Javier Reyes-Vigil** in Civil No. 1:19-cv-138 was detained almost 12 days at the USBP Station in Kingsville, Kleberg County, Texas. [*Id.*].

**Jose Recinos-Nolasco** in Civil No. 1:19-cv-138 was detained about 13.5 days at the USBP Station in Kingsville, Kleberg County, Texas. [*Id.*].

To the extent these five individuals have made generalized allegations about the conditions of their detention while in USBP custody, without regard to the location of the USBP stations, consolidation is not appropriate. As discussed, the subject of the complaint, proposed class, and hearing on September 5, 2019, are the conditions of CBP facilities within Cameron, Hidalgo, Starr, and Willacy counties only. Thus, intentionally or not, these five individuals may seek to introduce allegations and evidence about USBP facilities that are outside the purview of the claims and requested relief, leading to confusion.

**C.**     **One Petitioner was placed in full removal proceedings; the others were not.**

Of the sixteen named petitioners in the five cases, fifteen petitioners were apprehended after recently entering the United States unlawfully, and they were processed for expedited removal under Immigration and Nationality Act ("INA") § 235(b)(1), 8 U.S.C. § 1225(b)(1). However, one petitioner (Hector Rivera-Rosa) was issued a Notice to Appear in immigration court and a warrant of arrest ("WA/NTA") and placed in full removal proceedings, under INA § 240, 8 U.S.C. § 1229a, because he claimed that he unlawfully entered the United States two years ago in 2017.[1] [Dkt. No. 4 at 2, in Civil No. 1:19-cv-138]. This is significant because an individual (such as Hector Rivera-Rosa) placed in full INA § 240 proceedings may have had the opportunity to seek relief from detention that was not available to individuals placed in INA § 235(b)(1) expedited removal proceedings. *Compare Matter of A-W-*, 25 I. & N. Dec. 45, 48 (BIA 2009) (noting that "8 C.F.R. § 1003.14(a) is designed to give aliens . . . taken into custody pursuant to a warrant of arrest issued in conjunction with the Notice to Appear an opportunity to seek release from custody before an Immigration Judge prior to the filing of the Notice to Appear with an immigration court.") *to Jennings v. Rodriguez*, 138 S. Ct. 830, 838 (2018) ("In sum, [8 U.S.C.] §§ 1225(b)(1) and (b)(2) mandate detention of aliens throughout the completion of applicable [expedited removal] proceedings . . .").[2] Thus, there will be different questions of law as to Petitioner Hector Rivera-Rosa's claims that makes consolidation inappropriate.

---

[1]     Petitioner Hector Rivera-Rosa was also convicted for violating 8 U.S.C. § 1325(a)(1) by this Court. *See* Case No. 1:19-po-3199.

[2]     Further, claims under habeas corpus require, as a jurisdictional prerequisite, that the petitioner exhaust all available administrative remedies, while claims under the Administrative Procedure Act ("APA") require the petitioner to show that he lacked an adequate remedy in court. *See Lee v. Gonzales*, 410 F.3d 778, 786 (5th Cir. 2005) ("[A] petitioner must exhaust available avenues of relief and turn to habeas only when no other means of judicial review exists."); *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1319 (2019) ("[5 U.S.C.] Section 704 imposes both finality and exhaustion requirements on the agency action appealed, but it also limits the APA to the review of those agency actions which otherwise lack an "adequate remedy in a court.").

**D.**      **Eleven Petitioners were referred for credible fear interviews before suit was filed**

At the time suit was filed, 11 of the 16 petitioners[3] were being processed for expedited removal with a credible fear interview referral because they had claimed a fear of return to their native country when they were processed in USBP custody. In contrast, only four petitioners—Hugo Flandez-Pleites, William Santay-Son, Javier Giron-Monterroza, and William Perez-Valle—denied a fear of return during their processing in USBP custody, and later reversed their position and stated they had such a fear after filing suit. This is significant because Petitioners have repeatedly alleged that there are inadequate "screening" procedures in USBP facilities regarding the petitioners' "fears of returning to their native countries," which has allegedly led to individuals "waiving their legal rights" and "accept[ing] removal." [2d Am. Consol. Compl. at ¶¶3, 5, 44]. Indeed, this allegation is a basis for Petitioners' request for injunctive relief in the form of court-ordered access to counsel. [*Id.* at ¶64]. However, for at least these 11 petitioners, USBP screening procedures were adequate, and consolidation is inappropriate because these 11 petitioners' experiences are not representative of Petitioners' claim that USBP screening procedures need to be remedied by this Court.

## PRAYER AND CONCLUSION

For the foregoing reasons, the Court should deny Petitioners' motion to consolidate. To be clear, Respondents do not oppose consolidation as to case management and discovery issues only.

---

[3]      These 11 petitioners include: Jose Areas-Hernandez, Jose Recinos-Nolasco, Javier Reyes-Vigil, and Juan Asencio-Asencio in Civil No. 1:19-cv-138 (Dkt. No. 4); Jairo Gonzalez-Recinos, Gerardo Herrera-Rivera, Kevin Rizzo-Ruano, and Jonathan Beltran-Rizo in Civil No. 1:19-cv-095 (Dkt. No. 20), Santos Zuniga-Gaitan and Jorge Landaverde-Lopez in Civil No. 1:19-cv-118 (Dkt. No. 15 (Pl's Exh. H)); and Bryan Lopez-Lopez in Civil No. 1:19-cv-126 (Dkt. No. 15 (Pl's Exh. H)). Please note that while Petitioner Hector Rivera-Rosa also claimed a fear of return while in USBP custody, he was not referred for a credible fear interview because he will have the opportunity to assert an asylum claim before an immigration judge. *See* 8 C.F.R. § 1208.2(b) (immigration judges have exclusive jurisdiction over asylum applications by aliens issued NTAs).

Respectfully submitted,

RYAN K. PATRICK
United States Attorney

DANIEL D. HU
Chief, Civil Division

By:    *s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney
ANNALISA CRAVENS
Assistant United States Attorney
S.D. Tex. No. 1055715
Texas Bar No.   24070420
600 E. Harrison, Suite 201
Brownsville, Texas  78520
(956) 548-2554/Fax: (956) 548-2775
Email: Christopher.Pineda@usdoj.gov
**Counsel for Federal Respondents**

## CERTIFICATE OF SERVICE

I hereby certify, on August 5, 2019, I electronically filed the foregoing with the Clerk of

Court using the CM/ECF system, which sends notice of electronic filing to all counsel of record.

*s/ Christopher D. Pineda*
CHRISTOPHER D. PINEDA
Assistant United States Attorney